UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS A. MEEK,<br><br>Plaintiff,<br><br>v.<br><br>BP PRODUCTS NORTH AMERICA,<br>INC., *et al*.,<br><br>Defendants. | Case No.  2:25-cv-3318-DC-JDP<br><br>ORDER; FINDINGS AND<br>RECOMMENDATIONS |

After plaintiff initiated this action in the Superior Court of California, County of Solano, defendants timely removed it.  ECF No. 1.  Plaintiff now moves to remand, arguing that this court lacks federal subject matter jurisdiction because his claims arise strictly under California law. ECF No. 8.  However, the complaint contains several causes of action arising under federal law, thereby providing this court with subject matter jurisdiction.  Accordingly, plaintiff's motion to remand is denied.

Defendants also move to compel arbitration of plaintiff's claims.  ECF No. 16. Defendants have shown that the parties entered into an enforceable arbitration agreement that encompasses all of plaintiff's claims.  Accordingly, I recommend that defendants' motion be granted and that this case be stayed pending resolution of arbitration.

1

**<u>Motion to Remand</u>**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  The Court of Appeals construes the removal statute against removal, and the party seeking removal bears the burden of establishing federal jurisdiction.  *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court."  *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

A federal court may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer federal question and diversity jurisdiction, respectively.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Cal. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."  *Id.* (cleaned up).

Here, the complaint contains three causes of action that provide the court with federal question jurisdiction.  Specifically, plaintiff's fifth cause of action alleges a violation of Title VII, 42 U.S.C. § 2000e; his sixth cause of action alleges a violation of the American with Disabilities Act, 42 U.S.C. § 12101; and his seventh cause of action allege a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621.  *See* ECF No. 1-1 at 9.  These causes of action arise under federal law.  Accordingly, the court has federal question jurisdiction over this action because federal questions are presented on the face of plaintiff's complaint.  *See Cal*, 215 F.3d at 1014.

Moreover, it is proper for the court to exercise supplemental jurisdiction over plaintiff's remaining causes of action, which arise under California law.  When a court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'"  *Trustees of Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *Finley v. United States*, 490 U.S. 545, 549 (1989)).

The state law claims in the complaint are part of the same common nucleus of operative facts as the federal claims.  Both the state and federal law claims arise under the same factual allegations listed in the complaint.  *See* ECF No. 1-1 at 8-9.  Specifically, all the causes of action concern plaintiff's claims of workplace discrimination, harassment, and retaliation.  *See id*.  Because these claims derive from a common nucleus of operative facts, supplemental jurisdiction over the state claims is proper.  *See Finley*, 490 U.S. 549; 28 U.S.C. § 1367(a).

With the complaint alleging causes of action that arise under federal law, the court has federal subject matter jurisdiction.[1]  The court also has supplemental jurisdiction over plaintiff's state-law claims because they derive from the same factual allegations.  Therefore, removal to this court was proper, and plaintiff's motion to remand is denied.

### **Motion to Compel Arbitration**

Congress created the Federal Arbitration Act ("FAA") to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate . . . and place such agreements upon the same footing as other contracts."  *Volt Info. Scis, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ*., 489 U.S. 468, 474 (1989).  Under the FAA, a party to a valid arbitration agreement may "petition any United States district court . . . for an order directing that such arbitration proceed in the

---

[1] In support of his motion to remand, plaintiff also argues that complete diversity is lacking.  ECF No. 8 at 3.  Complete diversity is not required where, as here, there is federal subject matter jurisdiction.

manner provided for in such agreement." 9 U.S.C. § 4. In weighing whether an arbitration agreement should be enforced, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan*, 363 F.3d at 1012 (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

"Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable." *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 426 (N.D. Cal. 2018) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1149 (2013)). An arbitration agreement may be invalidated upon the same grounds as any other contract. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 98 (2000). For an agreement to be unenforceable, it "must be both procedurally and substantively unconscionable at the time it was made." *Lang*, 347 F. Supp. 3d at 427 (citing *Armendariz*, 24 Cal. 4th at 114).

Here, the parties entered into a valid arbitration agreement. ECF No. 16-2 at 21-26. As part of plaintiff's onboarding paperwork for employment, plaintiff was required to sign various documents, including the arbitration agreement. *Id.* at 21. On August 21, 2024, plaintiff electronically signed the arbitration agreement. *Id*. Accordingly, an arbitration agreement exists between the parties.

The arbitration agreement encompasses the dispute at issue. The agreement provides that it applies to "any and all disputes, claims or controversies arising out of your employment or the termination of your employment which could be brought in a court." ECF No. 16-2 at 22. Plaintiff's claims arise out of plaintiff's employment, and thus the arbitration agreement encompasses the dispute.[2] *See* ECF No. 1-1 at 8-9.

---

[2] The agreement lists claims excluded from its coverage. *See* ECF No. 16-2 at 22. Plaintiff does not argue that any of his claims are excluded. *See* ECF No. 23. Plaintiff's claim for harassment alleges "inappropriate touching by a manager." ECF No. 1-1 at 8. While the agreement excludes "claims alleging conduct constituting sexual harassment," plaintiff's allegation does not constitute such a claim. *See* ECF No. 16-2 at 22; *Kelley v. The Conco Companies*, 196 Cal. App. 4th 191, 202-203 (2011) (providing that the elements for a sexual harassment claim are: "(1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment

4

While plaintiff does not contest that the arbitration agreement encompasses the dispute, he argues that the arbitration agreement is unenforceable because it is both procedurally and substantively unconscionable. Regarding procedural unconscionability, plaintiff argues that the agreement was presented "as a condition of employment without a meaningful opportunity to review, negotiate, or opt out," and that the agreement is therefore procedurally unconscionable "due to unequal bargaining power and its adhesive nature." ECF No. 23 at 7. However, an arbitration agreement is "not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis." *Lang*, 347 F. Supp. 3d at 427 (quoting *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999)).

Indeed, "the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017). Rather, the court has held that "if an employee must sign a non-negotiable employment agreement as a condition of employment but 'there is no other indication of oppression or surprise,' then 'the agreement will be enforceable unless the degree of substantive unconscionability is high.'" *Id*. (quoting *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704 (2013)). Plaintiff does not present any indication of oppression or surprise, such as being "lied to, placed under duress, or otherwise manipulated into signing the arbitration agreement." *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016). As to plaintiff's allegation of not having a meaningful opportunity to review the agreement, "[a] cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement." *See Desert Outdoor Advert. v. Superior Ct.*, 196 Cal. App. 4th 866, 872 (2011). Accordingly, plaintiff does not establish that the arbitration agreement is procedurally unconscionable.[3]

Regarding substantive unconscionability, plaintiff argues only that the agreement limits his "ability to vindicate statutory rights." ECF No. 23 at 7. The Supreme Court of California has

---

and create an abusive working environment; and (5) respondeat superior").

[3] Plaintiff also alleges that he "does not recall knowingly agreeing to arbitration." ECF No. 23 at 7. However, plaintiff does not dispute defendants' proffered evidence that plaintiff electronically signed the arbitration agreement on August 21, 2024. *See* ECF No. 16-2 at 21.

5

held that the arbitration of statutory rights is lawful where the arbitration agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz*, 24 Cal.4th at 102 (internal citation omitted).  Here, the arbitration agreement meets these requirements and thus affords plaintiff the ability to vindicate his statutory rights.  *See* ECF No. 16-2 at 22-26.  Accordingly, plaintiff does not establish that the agreement is substantively unconscionable.

Plaintiff's other arguments fail to establish that the arbitration agreement is otherwise invalid.  Plaintiff argues that his claims "implicate strong public policy interests that weigh against enforcement of private arbitration."  ECF No. 23 at 7.  However, "California law, like federal law, favors enforcement of valid arbitration agreements." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 97 (2000) (citing *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066, 1074 (1999)).

Plaintiff asserts that defendants have waived arbitration through their "delay and defective motion practice."  ECF No. 23 at 7.  Defendants removed this action on November 11, 2025, and they filed the present motion on February 2, 2026.  *See* ECF Nos. 1 & 16.  Given this timeline, plaintiff fails to show that defendants delayed bringing their motion.  Regarding plaintiff's allegation of defendants' "defective motion practice," it appears that he is referring to the motion being improperly noticed before the district judge instead of the magistrate judge.  *See* ECF No. 18.  Such a mistake does not preclude defendants from proceeding with the present motion; to be sure, the court has not previously addressed the merits of defendants' motion.

Lastly, plaintiff asserts that the Equal Employment Opportunity Commission ("EEOC") investigated his claims and issued a determination in his favor, thereby "confirming that the claims are supported by evidence."  ECF No. 23 at 2.  However, as defendants point out, "[t]here is no record that the EEOC ever issued any such determination or that the EEOC has any involvement" in this action.  *See* ECF No. 25 at 3.

Accordingly, plaintiff has failed to satisfy his burden of proving that the arbitration agreement is unenforceable, and defendants' motion to compel arbitration should be granted. *See Lang*, 347 F. Supp. 3d at 426. Defendants ask that the court stay this case pending resolution of arbitration. ECF No. 16 at 21. I agree and will recommend as much. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

**Conclusion**

Accordingly, it is hereby ORDERED that plaintiff's motion to remand, ECF No. 8, is DENIED.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to compel arbitration, ECF No. 16, be GRANTED, and plaintiff be compelled to arbitrate his claims.

2. This case be STAYED pending arbitration of plaintiff's claims.

3. The parties shall file a joint status report every ninety days apprising the court of the status of arbitration.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    July 8, 2026     

    JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE