UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS A. MEEK,<br>Plaintiff,<br>v.<br>BP PRODUCTS NORTH AMERICA, INC., *et al.*,<br>Defendants. | Case No. 2:25-cv-3318-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

On July 9, 2026, plaintiff filed a notice stating that the parties had reached a settlement and that pursuant to that settlement, he "will file a dismissal with prejudice after the settlement has been fully performed." ECF No. 29. On August 7, 2026, the court issued an order directing the parties to file status reports addressing the status of settlement. ECF No. 30. Plaintiff did not file a report. Defendants, however, filed a report stating that the final settlement payment was made to plaintiff on August 4, 2026, and that the settlement has been fully paid. ECF No. 31. Defendants also stated that as part of the settlement plaintiff was "to file a dismissal of the action with prejudice, with the parties to bear their own attorneys' fees and costs." *Id.* at 2. Defense counsel reached out to plaintiff via email on August 5, 7, and 13, requesting that plaintiff file his notice of dismissal, but plaintiff has failed to respond.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise ordered by the court, dismissal under Rule 41(a)(2) "is without prejudice." *Id.* Motions for voluntary dismissal under Rule 41(a)(2) should be liberally granted if it will not result in legal prejudice to the defendants. *Stevedoring Serv. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir. 1991). The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's discretion and "will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

I construe plaintiff's filing, ECF No. 29, and read together with defendants' filing, ECF No. 30, as a request for voluntary dismissal. Dismissal is appropriate here. Defendants would not suffer any prejudice from the requested dismissal, which is the primary concern of Rule 41(a)(2). *See Stevedoring*, 889 F.2d at 921. Further, based upon both parties' assertion that all claims have been settled, dismissal with prejudice is proper under Rule 41(a)(2).

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed based on the parties' settlement pursuant to Rule 41(a)(2).
2. The July 8, 2026 Findings and Recommendations, ECF No. 28, be termed.
3. The Clerk of Court be directed to enter judgment and close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE